Nathan S. Anderson
Barber & Borg, LLC
PO Box 30745
Albuquerque, NM 87190
(505) 884-0004
AZ Bar No.: 029488
nathan@barberborg.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ELLA GLEASON ) | |
| ) | No.: 3:18-CV-08082-PCT/DJH |
| Plaintiff, ) | |
| ) | FIRST AMENDED COMPLAINT |
| vs. ) | TO RECOVER DAMAGES FOR |
| ) | PERSONAL INJURY |
| GARDA CL WEST, INC. d/b/a ) | |
| GARDAWORLD, ) | |
| ) | (Jury Demanded) |
| Defendant. ) | |

Plaintiff, Ella Gleason, for her complaint makes the following averments:

1. This is a civil action against Defendant Garda CL West, Inc. for damages arising from injuries to 75 year old Ella Gleason caused by the negligence of Garda CL West, Inc. d/b/a GardaWorld (hereinafter referred to as "Garda") and its employees.

## **JURISDICTION AND PARTIES**

2. Plaintiff Ella Gleason is a citizen of Arizona.

3. Upon information and belief, Defendant, Garda CL West, Inc. is a foreign corporation doing business in the State of Arizona as GardaWorld to provide armored delivery services to the Flagstaff area.

4. The incident that gives rise to this Complaint occurred in Flagstaff, Arizona.

5. This Court has jurisdiction and venue is proper in this Court pursuant to 28

U.S.C. §1332.

6. The amount in controversy in this matter exceeds $75,000.

## FACTS OF THE OCCURRENCE

7. On May 31, 2017, a Garda armored vehicle driven by a Garda employee entered the parking lot of the Wells Fargo Bank, located at 2526 N. 4th Street in Flagstaff, Arizona.

8. The identity of the Garda driver is presently unknown.

9. Prior to the Garda truck entering the parking lot, Plaintiff Ella Gleason went to the bank as a Wells Fargo customer to use the ATM. Her husband legally parked in the handicapped spot near the front entrance of the bank.

10. When Plaintiff attempted to get in her vehicle after using the ATM, the Garda truck quickly started backing into a yellow-lined pedestrian safety zone, located directly next to the passenger side of her vehicle.

11. Before Plaintiff could get into her car, the Garda truck forced Mrs. Gleason to retract in order to avoid being crushed. In her desperate attempt to avoid the truck, Mrs. Gleason tripped and fell to the ground in the parking lot.

12. Mrs. Gleason suffered serious injuries as a result of the incident.

13. Upon information and belief, at all material times the employee driver was acting in the course and scope of his employment with Garda.

## NEGLIGENCE

14. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

15. Garda had a duty to train and supervise its employee drivers to safely operate its vehicles.

16. The employee driver for Defendant Garda had a duty to exercise ordinary care in the operation of his vehicle.

17. The employee driver for Defendant Garda had a duty to park his vehicle in a dedicated parking space or in areas that are not specifically reserved for pedestrian use.

18. The employee driver for Defendant Garda had a duty to remain alert, attentive, and keep a proper lookout for pedestrians while parking at the Wells Fargo.

19. The employee driver for Defendant Garda had a duty to yield for pedestrians walking in a pedestrian area at the Wells Fargo.

20. The employee driver for Defendant Garda acted negligently in the following ways:

   a. In negligently failing to exercise ordinary care in operating the armored truck;

   b. In negligently failing to park the armored truck in a dedicated parking space;

   c. In negligently failing to park the armored truck in an area not reserved for pedestrian use;

   d. In negligently failing to remain alert and attentive while operating the armored truck;

   e. In negligently failing to keep a proper lookout for pedestrians while parking;

   f. In negligently failing to yield for pedestrians in pedestrian designated areas.

21. At all material times, the employee driver for Defendant Garda was acting in the course and scope of his employment. Under the doctrine of *respondeat superior* Defendant Garda is vicariously liable for the negligent acts and omissions of its employees acting in the course and scope of their employment.

22. Upon information and belief, Defendant Garda negligently failed to train and supervise its employee driver to operate the transport vehicle in a safe manner.

23. As a direct result of Defendant Garda and its employee's negligence, Plaintiff suffered serious injury.

24. As a direct result of Defendant's negligence, Mrs. Gleason sustained multiple harms and losses, including general damages, such as emotional distress, anguish, fear, anxiety, physical pain, and mental suffering, which may extend into the future.

25. As a direct result of the Defendant's negligence, Mrs. Gleason sustained significant medical expense and may incur future medical expense.

26. Plaintiff is entitled to be compensated for all of her harms and losses caused by the Defendant.

WHEREFORE, Plaintiff prays for the following relief:

A. For judgment in her favor and against the Defendant, in amounts to be proved at trial, together with pre-judgment interest and costs; and

B. For such other and further relief that the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully request this matter is tried in front of a jury of her peers.

Respectfully submitted,
BARBER & BORG, LLC

By: */s/ Nathan S. Anderson*
Nathan S. Anderson
P.O. Box 30745
Albuquerque, NM 87190
(505) 884-0004
nathan@barberborg.com
Attorneys for Plaintiff